UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON A. WRIGHT,<br><br>Petitioner,<br><br>v.<br><br>CHARLES GREEN,<br><br>Respondent. | Civil Action No. 18-10274 (MCA)<br><br><br>MEMORANDUM AND ORDER |

This matter having come before the Court on Petitioner's submission of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. It appearing that:

Mr. Wright has been detained by Immigration and Customs Enforcement since July 27, 2017. Civil Action No. 18-2539(MCA), ECF No. 1. On February 20, 2018, Mr. Wright filed a habeas petition before this Court seeking release from detention. *Id.*

On May 15, 2018, this Court granted Mr. Wright's habeas petition and ordered an Immigration Judge to provide Mr. Wright with an individualized bond hearing, pursuant to 28 U.S.C. § 1226(a). ECF No. 5. The Court relied on the Government's representation that Mr. Wright was detained pursuant to 1226(a).[1] *Id.*

In accordance with the Court's May 15, 2018 Order, Respondent provided the Executive Office for Immigration Review ("EOIR") with the Order so that EOIR could arrange for an individualized bond hearing before an Immigration Judge. Thereafter, an individualized bond

---

[1] Section 1226(a) authorizes the arrest, detention, and release of aliens on bond pending a decision on whether the alien is to be removed from the United States, except as provided in § 1226(c). *See* 8 U.S.C. § 1226(a). A Petitioner detained pursuant to § 1226(a) is entitled to have the initial custody determination reviewed by an Immigration Judge. *See* 8 C.F.R. § 1003.19(a) ("Custody and bond determinations made by the service pursuant to 8 CFR part 1236 may be reviewed by an Immigration Judge pursuant to 8 CFR part 1236(b)[.]")

In the Answer, Respondent asserts that Mr. Wright is properly detained under 1226(c)—and is thus subject to mandatory detention. Nevertheless, Respondent scheduled an individualized bond hearing before Judge Tadal on September 19, 2018, in accordance with the Court's directive that Mr. Wright receive an individualized bond hearing.

By letter dated October 3, 2018, Respondent represented to the Court that Petitioner appeared before an immigration judge on October 3, 2018, for an individualized hearing, and his request for a change in custody status was denied by the immigration judge. *See* ECF No. 8.[4]

Here, it appears that Petitioner has been provided an individualized bond hearing, which is the only relief the Court can provide to him with respect to detention under 8 U.S.C. § 1226.[5] As such, the Court will dismiss the Petition without prejudice to Petitioner's filing of a new petition if his detention violates due process.

**IT IS THEREFORE**, on this ____ day of _____, 2019,

**ORDERED** that the Petition is dismissed **WITHOUT PREJUDICE** as Petitioner has been provided an individualized bond hearing before an immigration judge; and it is further

**ORDERED** that the Clerk of the Court shall serve this Order on Petitioner by regular mail and **CLOSE** this case accordingly.

Madeline Cox Arleo, District Judge
United States District Court

---

[4] Respondent does not indicate whether the bond hearing was conducted pursuant to the standard for hearings under § 1226(a) or the standard for hearings under §1226(c).

[5] Petitioner has not responded to Respondent's October 3, 2018 letter or otherwise submitted a reply, and, thus, has not disputed that he received an individualized bond hearing or asserted that he received anything less than a bona fide hearing.

3